THOMAS M. OGLE, late Sheriff v. JOSHUA P. SMITH.

The Sheriff may sue on a replevin bond taken by him, on the failure of the plaintiff in the replevin to prosecute his action.

DEBT on a replevin bond made and executed by Smith the defendant to Ogle when sheriff, upon a writ of replevin placed in his hands at the suit of Smith against J. E. Tyson, and on which the goods mentioned in the writ, were replevied and delivered to Smith by the sheriff. The breach assigned in the *narr* on the bond was that Smith the defendant in the present action, did not prosecute his said action of replevin against Tyson with effect, but therein made default, &c. Pleas.   *Non est factum* and performance.

*Patterson*, for the plaintiff, proved the execution of the replevin bond by the defendant, gave it in evidence and there rested his case.

*Gordon*, for the defendant, thereupon moved to nonsuit the plaintiff on the ground that this was an action in the name of the late sheriff alone and for his own use solely.   That it was given to him in his late official capacity exclusively and as such, he had and could have no real interest in the replevin bond, or in the prosecution of the action of replevin, to secure which it was given for the benefit alone of the defendant in that action, and the

failure to prosecute which could be of no detriment to the sheriff, unless he failed to take good security and pledges, which was not pretended. He therefore was not entitled to maintain the action, not even for nominal damages. It was therefore a wholly gratuitous and unnecessary proceeding on the part of the late sheriff, and if any body really interested in the case desired any further litigation over the matter, it would have been much better for the defendant in the replevin to have taken an assignment of the replevin bond and brought the action himself.

*Patterson*, in reply, cited *Waples and wife v. McIlvain's Admr*, 5 *Harr*. 381, and insisted that as the action of replevin was at common law, and not under the statute for a distress for rent, the provision of that act in regard to the assignment of replevin bonds, did not apply to the case. Besides, the bond in this case was given to the sheriff, and to the sheriff alone, for he is the only obligee named in it; and if Tyson, the defendant in the action of replevin had taken an assignment of it, he would still have had to sue upon it in the name of the obligee, Ogle, the late sheriff, as the legal plaintiff in the action for his use, and as his is the only legal name in which an action can be maintained on the bond, may he not use his own name and sue on the bond himself, as the engagement is expressly and directly with him?

*By the Court*: We cannot entertain the motion in this case for a nonsuit: for although it is unusual, and perhaps, unprecedented for sheriffs themselves to sue on replevin bonds, we see nothing in the reason of the thing, or in the legal principles or considerations which justly apply to and govern the matter, which would forbid it. Besides, cases might well arise, when it would be highly important for his own security, that he, as well as others, should possess the power of suing in his own name on such an instrument given to himself. He may sue on a bail bond given to himself, and in any Court it is said in

the books, although assignees in general of such bonds, it is also said, can only sue in the Court in which the action was commenced in which the bail was taken. But it seems in this case that the plaintiff in the action of replevin and the defendant in this suit ,suffered a judgment of *non pross.* to be entered against him in that action, by which the replevin bond became forfeited. The plaintiff, however, has rested his case on proof of the execution of the bond simply, whilst the defendant has pleaded *non est factum* and performance merely, without offering any evidence whatever in support of either issue joined upon the record. What the property was, or what was its value, or for what the action of the replevin was brought, we are not informed by any evidence on either side; but as the verdict of the jury must be for the plaintiff on the issue of *non est factum*, it can only be for six cents, or nominal damages.